# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

SHARITA GILES                                                                                    PLAINTIFF

V.                                                                   CIVIL ACTION NO. 4:14-CV-00024-SA-JMV

SHAW SCHOOL DISTRICT, et al.                                                          DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Sharita Giles initiated this lawsuit against her former employer Shaw School District ("SSD") and members of its School Board, alleging gender discrimination, deprivations of substantive and procedural due process, and violations of the Equal Protection Clause. In a related and ongoing action in the Chancery Court of Bolivar County, Mississippi, Giles has appealed SSD's decision not to renew her employment. In view of these parallel proceedings, SSD has filed a Motion to Abstain and to Stay [8]. Upon consideration of the motion, responses, rules, and authorities, the Court finds as follows:

### Facts and Procedural History

Giles began her employment as Principal of McEvans School in the Shaw County, Mississippi School District in 2008. Giles alleges that, in November 2012, the District Superintendent, Dr. Cederick Ellis, recommended to the School Board that all of the District's administrators receive pay raises for the upcoming year. According to Giles, the School Board approved a raise for a male principal within the District, but declined to authorize a raise for her. Based on this decision, Giles filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging sex-based discrimination. The following February, according to Giles, Ellis recommended that the Board renew Giles' employment as Principal of McEvans. However, the School Board again declined to adopt Ellis's recommendation and voted by a

count of three to two not to renew Giles' employment. She then filed another charge with the EEOC, alleging that her non-renewal was effectuated in retaliation for her initial charge of sex discrimination.

Following the non-renewal, Giles requested and received a hearing before the School Board, pursuant to Mississippi's School Employment Procedures Law. See MISS. CODE ANN. § 37-9-111. The Board voted (again three to two) to uphold its original non-renewal decision, at which time Giles filed a third charge with the EEOC, reiterating allegations of sex discrimination and retaliation. Giles also timely appealed the Board's decision to the Bolivar County Chancery Court, which has jurisdiction pursuant to Mississippi Code Section 37-9-13 to determine whether the School Board's non-renewal should be overturned. Oral arguments were heard in the Chancery Court on March 21, 2014, and a resolution is pending.

After her appeal to the Chancery Court, Giles initiated this action against SSD and the Board Members involved in the decisions not to give her a raise and not to renew her employment. She seeks compensation and equitable relief from SSD under Title VII on the basis of sex discrimination and retaliation; declaratory relief and injunctive relief against the Board Members in their official capacities to remedy alleged violations of due process and equal protection; and damages from the Board Members in their individual capacities pursuant to 42 U.S.C. § 1983. SSD has filed the pending motion, requesting the Court to abstain from exercising jurisdiction over Giles' claims for declaratory and injunctive relief under to Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), and to stay Giles' claims for damages.

Abstention Standard

A federal court should abstain under Younger when "assumption of jurisdiction by a federal court would interfere with pending state proceedings . . . ." La. Debating & Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1489 (5th Cir. 1995) (citation and quotation omitted). Although the Younger doctrine originally only required courts to abstain from interfering with state criminal prosecutions, it now applies to civil proceedings as well "if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." Health Net, Inc. v. Wooley, 534 F.3d 487, 494 (5th Cir. 2008) (quoting Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 10-11, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987)). In cases to which Younger applies, the Court must abstain from exercising jurisdiction over claims of declaratory or injunctive relief. La. Debating & Literary Ass'n, 42 F.3d at 1489. The Fifth Circuit has held, however, that Younger is not applicable to requests for monetary relief, although the Court may have discretion to stay the damage claims when abstention would otherwise be appropriate. Lewis v. Beddingfield, 20 F.3d 123, 125 (5th Cir. 1994); see also Floyd v. Amite Cnty. Sch. Dist., 376 F. Supp. 2d 693, 697 (S.D. Miss. 2005).

Discussion and Analysis

In its most recent published opinion arising under the Younger doctrine, the Fifth Circuit stated that abstention is generally required if three conditions are met: (1) the related state action must qualify as an "ongoing judicial proceeding"; (2) the state must have an important regulatory interest in the subject matter of the federal claim, and (3) the plaintiff must be afforded "an adequate opportunity in the state proceedings to raise constitutional challenges." Bice v. La. Public Defender Bd., 677 F.3d 712, 716 (5th Cir. 2012) (quoting Middlesex Cnty. Ethics

Comm'n. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982)).

The United States Supreme Court, however, has since had occasion to clarify the applicability of these three "Middlesex conditions." Sprint Commc'ns, Inc. v. Jacobs, --- U.S. ---, 134 S. Ct. 584, 593, 187 L. Ed. 2d 505 (2013). The Supreme Court in Sprint explained that "[t]he three Middlesex conditions . . . were not dispositive; they were, instead, *additional* factors appropriately considered by the federal court before invoking Younger." Id. at 593, 187 L. Ed. 2d 505 (emphasis in original). The Court shifted the focus by instructing lower courts to only employ Younger abstention when state proceedings present one of three "exceptional circumstances." Id., 187 L. Ed. 2d 505. These circumstances are (1) "ongoing criminal prosecutions[,]" (2) "civil enforcement proceedings[,]" and (3) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." Id., 187 L. Ed. 2d 505 (alteration in original). Thus, in light of the Supreme Court's holding in Sprint, the Court must consider whether Giles' non-renewal appeal fits into one of these three enumerated categories. Because this question is easily resolved as to the first and third categories, the Court will address them briefly before proceeding to discussion of the second category.

The first category that requires abstention is reserved for cases in which there is a related pending state criminal proceeding like in Younger itself. Id., 187 L. Ed. 2d 505. Giles has been subject to no criminal prosecution or threat of prosecution. Rather, the Chancery Court proceeding is civil in nature. Thus, the first category from Sprint is clearly inapplicable.

The third category is limited to cases where the federal plaintiff's challenge implicates the judicial function, such as the issuing of orders or the rendering of judgments. See id., 187 L.

Ed. 2d 505; see also Juidice v. Vail, 430 U.S. 327, 336-38 & n.12, 97 S. Ct. 1211, 51 L. Ed. 2d 376 (1977) (requiring abstention when a civil litigant petitioned the federal court to enjoin a state-court contempt order); Pennzoil, 481 U.S. at 13-14, 107 S. Ct. 1519 (holding abstention appropriate when a state-court judgment debtor sought a federal injunction to prohibit the state-court creditor from enforcing its judgment). In this case, Giles has challenged the School Board's conduct, not a judicial order, judgment, or anything else related to the state court's judicial function. The Court therefore finds the third category to be inapplicable.

Thus, for abstention to be appropriate, this case must fall within the second exceptional circumstance from the three enumerated in Sprint. Within this category, Younger abstention is generally appropriate if there is a state civil enforcement proceeding that is "'akin to a criminal prosecution' in 'important respects.'" Sprint, 134 S. Ct. at 592, 187 L. Ed. 2d 505 (quoting Huffman v. Pursue, Ltd., 420 U.S. 592, 598, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975)). The Supreme Court has provided three hallmarks that characterize such enforcement proceedings. Id., 187 L. Ed. 2d 505. First, "a state actor is routinely a party to the state proceeding and often initiates the action." Id., 187 L. Ed. 2d 505 (citations omitted). Second, "[i]nvestigations are commonly involved, often culminating in the filing of a formal complaint or charges." Id., 187 L. Ed. 2d 505. Third, such a proceeding is "characteristically initiated to sanction the federal plaintiff." Id., 187 L. Ed. 2d 505.

Applying these hallmarks to the present case, a state actor, SSD, is named as the defendant in the Bolivar County Chancery Court, but it was Giles who initiated the action by seeking a hearing with the School Board pursuant to Mississippi Code Section 37-9-111, and by appealing the Board's decision to Chancery Court under Section 37-9-113. Additionally, Giles has not been the target of an investigation, nor have there been any charges levied against her.

And third, the purpose of the Chancery proceeding is not to punish or sanction Giles. Rather, Giles is the party seeking recourse. Therefore, of the traits that identify whether a civil enforcement proceeding is "akin to a criminal prosecution," the Court finds none to be present here. See Sprint, 134 S. Ct. at 592, 187 L. Ed. 2d 505.

Indeed, the absence of these traits creates a stark contrast between Giles' non-renewal appeal and the state proceedings involved in cases in which the Supreme Court has held that civil enforcement proceedings warranted abstention. See Middlesex, 457 U.S. at 427-28, 433-34, 102 S. Ct. 2515 (finding abstention appropriate when a municipal attorney-ethics committee investigated the conduct of the federal plaintiff and served him with a formal statement of charges); Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 624-25, 628, 106 S. Ct. 2718, 91 L. Ed. 2d 512 (1986) (requiring abstention when a state civil rights agency initiated an investigation into the hiring practices of the federal plaintiff and filed a complaint against it); Moore v. Sims, 442 U.S. 415, 419-20, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979) (requiring the federal court to abstain from hearing a parents' challenge to state initiated custody proceedings involving the parents' allegedly abused children); Huffman, 420 U.S. at 598, 95 S. Ct. 1200 (finding abstention to be proper when the state had instituted an action to enforce its obscenity laws against a federal plaintiff). Accordingly, the Court concludes that the present action does not constitute a civil enforcement proceeding akin to a criminal prosecution or otherwise present one of the exceptional circumstances for which Younger abstention is reserved.

Nonetheless, SSD directs the Court to a case from the Southern District of Mississippi, decided before Sprint and involving a similar factual scenario to that in the present action. Floyd, 376 F. Supp. 2d 693. In Floyd, the federal plaintiff was terminated from his position as principal

of a Mississippi public high school; he was unsuccessful in his subsequent due process hearing; and he ultimately appealed to the state level.[1] Id. at 694. He then initiated a parallel proceeding in federal court, seeking declaratory relief and damages arising out of his termination. Id. In deciding whether to abstain from the non-monetary claims, the court relied exclusively on the three Middlesex conditions. Id. at 695-96. It found the first two easily satisfied, holding that the state proceeding was judicial in nature and involved important state interests in education and ensuring fair handling of school district employee matters. Id. at 696. It found that the third condition was likewise met, as the School Employment Procedures Law gives the Chancery Court jurisdiction "to determine whether the School Board's decision violated the employee's constitutional or statutory rights." Id. (citing MISS CODE ANN. § 37-9-101, *et seq.*) (additional citations omitted). And as to the damage claims, the Court recognized that abstention was unavailable, but held that a stay was warranted due to the Court's abstention from deciding the non-monetary claims. Id. at 697.

Defendants argue the facts of this case are virtually identical to those in Floyd and that the Court should reach the same result. Indeed, the Bolivar County Chancery proceeding is undoubtedly judicial in nature. Additionally, the same statute, the School Employment Procedures Law, is involved here, and thus the state interests in education and ensuring fair handling of employment decisions are no less than they were in Floyd. Further, the procedure for review under the statute has not been amended since Floyd was decided; the Chancery Court retains jurisdiction to consider whether Giles' constitutional and statutory rights have been violated. MISS. CODE ANN. § 37-9-113. Thus, the Court is persuaded that the Middlesex

---

[1] Unlike in Giles' non-renewal appeal, the Chancery proceeding in Floyd had already been resolved in the plaintiff's favor, and the School District had appealed that decision to the Mississippi Supreme Court, where it was pending at the time of the Southern District's opinion. Id. at 694. The Court finds this distinction immaterial for the present purposes.

7

conditions, if controlling, would require abstention in this case. However, in light of Sprint, it would be errant to rely exclusively on these conditions. See Sprint, 134 S. Ct. at 593-94, 187 L. Ed. 2d 505. The Supreme Court clearly held the Middlesex conditions were not dispositive, but were merely additional considerations the Court should employ before abstaining under Younger. Id., 187 L. Ed. 2d 505.

Notably, in an unpublished decision issued subsequent to Sprint, a Fifth Circuit panel held that abstention was appropriate when the three conditions from Middlesex were satisfied. Perez v. Tex. Med. Bd., 556 F. App'x 341, 342 (5th Cir. 2014). However, Sprint had not yet been decided when the briefs were filed in Perez; the Court did not cite to Sprint in its opinion; and the case involved the type of civil enforcement proceeding to which Sprint explicitly prescribes abstention. See id. at 341-42. The Court is therefore persuaded that the continuing validity of the Middlesex conditions in light of the Supreme Court's recent decision in Sprint has not been addressed by the Fifth Circuit.[2]

The Court has determined that the state proceeding below is not a criminal prosecution, a civil enforcement proceeding, or a civil proceeding involving an order uniquely in furtherance of Mississippi's judicial function. Therefore, like in Sprint, "this case presents none of the circumstances the Court has ranked as 'exceptional,'" and "the general rule governs: [T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in

---

[2] The Circuits that have addressed the issue, the Second, Third, Seventh, Ninth, and Eleventh, have all revised their Younger precedent following Sprint. Mir v. Shah, 569 F. App'x 48, 50 (2d Cir. 2014) (explaining that the analysis of the district court, which relied on the Middlesex conditions, was "no longer applicable" in light of Sprint); Gonzalez v. Waterfront Comm'n of N.Y. Harbor, 755 F.3d 176, 181 (3d Cir. 2014) ("Sprint explicitly eschewed exclusive reliance on the three Middlesex factors."); Mulholland v. Marion Cnty. Election Bd., 746 F.3d 811, 816 (7th Cir. 2014) ("[T]he Supreme Court rephrased the question, at least to some extent, in Sprint"); ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014) ("Sprint involved these interpretive dilemmas, squarely holding that Younger abstention is limited to the 'three exceptional categories' of cases . . . ."); Dandar v. Church of Scientology Flag Serv. Org., 551 F. App'x 965, 966-67 (11th Cir. 2013) (emphasizing the three categories from Sprint and remanding to the district court for a redetermination of the appropriateness of abstention).

the Federal court having jurisdiction." 134 S. Ct. at 588, 187 L. Ed. 2d 505 (quotation omitted) (alterations in original). Accordingly, the Court finds that Younger is inapposite, and that it should neither abstain from Giles' claims of declaratory and injunctive relief, nor stay her damage claims.

## Conclusion

For the foregoing reasons, SSD's Motion to Abstain and Stay [8] is DENIED. Giles' pending non-renewal appeal in Bolivar County Chancery Court is not the type of state proceeding that would require the Court to abstain from exercising jurisdiction. A separate order to that effect shall be issued this day.

SO ORDERED, this 12th day of March, 2015.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**